UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AKASHDEEP SINGH (A-Number: 246-257-691),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

No. 1:26-cv-07271-KES-FJS (HC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE**

Docs. 1, 2

Petitioner Akashdeep Singh ("petitioner" or "Singh") is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. The government briefly detained Singh after his entry into the United States in March 2023, before releasing him pursuant to an Order of Release on Recognizance. Doc. 1 at ¶ 2. Singh was required to report to Immigration and Customs Enforcement ("ICE"). *Id.* Respondents do not dispute that Singh complied with this requirement. *Id.* Though Singh was arrested for criminal mischief in March 2025, the Department of Homeland Security did not revoke Singh's release after this arrest. *Id.* at ¶ 4. Singh continued to appear for his ICE appointments and remained available to immigration authorities. *Id.* at ¶ 5.

On August 6, 2026, ICE contacted Singh and directed him to appear at an ICE office on August 8, 2026. *Id.* at ¶ 6. When Singh voluntarily appeared at the ICE office as instructed, ICE officers took Singh into custody. *Id.* at ¶ 7. ICE detained Singh and did not provide him a pre-deprivation hearing before a neutral decisionmaker. *Id.* at ¶¶ 8–10.

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4.

Respondents concede that Singh was previously released and that 8 U.S.C. § 1226(a) governs his detention. Doc. 7 at 1. They argue that Singh violated the terms of his release as he was arrested for criminal mischief and trespass—both misdemeanors—and they dispute that Singh's prior release creates a liberty interest. *Id.*; Doc. 7-1 at 3. They do not object to the Court ordering a bond hearing. Doc. 7 at 1.

Under circumstances such as these, when a petitioner is re-detained, he has a liberty interest that entitles him to a hearing at which the government bears the burden of proving that petitioner is a flight risk or danger to the community by clear and convincing evidence. *Alberto*, 817 F. Supp. 3d at 925–26. Singh's misdemeanor arrest does not alter this, and respondents do not establish that Singh was convicted of such charges. In these circumstances, petitioner retains a liberty interest under the Due Process Clause based on his prior release. *See Yon Kervis U. v. Chestnut*, No. 1:25-cv-2066-KES-SAB (HC), 2026 WL 88983, at *1 (E.D. Cal. Jan. 12, 2026) (internal citation omitted).

Generally, a pre-deprivation hearing is required for the government to deprive an individual of liberty, except when there is "evidence of urgent concerns." *Guillermo M. R. v.*

*Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondents do not identify any urgent concerns in this case. Respondents' records reflect that ICE did not re-detain Singh for over a year after his March 2025 misdemeanor arrest. *See* Doc. 7-1 at 3. ICE re-detained Singh only when he voluntarily appeared at an ICE office as directed. Respondents fail to show the circumstances warranted a post-deprivation hearing. *Id.*

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. [1]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner.

The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event that he becomes subject to an executable final order of removal.